BOWSER & LEMMONS v. B. L. WILLETT ET AL.

(No. 2564, Op. Book No. 4.)

APPEAL from Ellis County.   Opinion by HURT, J.

§ 401. *County court; no authority to grant injunction to restrain a sale under execution from justice's court.* County judges have no authority to issue an injunction in matters within the jurisdiction of justices of the peace, except it be where the jurisdiction of the county court had attached already by appeal or *certiorari*, and in such cases the writ issues in aid of the jurisdiction of the county court. [McMahon v. Dennis (Comm'rs of Appeals), *post*, p. 000; Grant v. Quinsell (Court Appeals), *post*, p. 000.]

In Carlisle v. Coffin & Price, Supreme Court, Austin Term, 1883, opinion by Watts, Commissioner, the sixteenth section of art. V of the constitution is construed, and he says: "It seems that this declaration is susceptible of but one construction. The constitution limits and defines both the original and appellate jurisdiction of the county court. It has no power to supervise and control inferior courts, except in the mode given, either by appeal or *certiorari*. Hence the power to issue these writs is limited to matters, the jurisdiction of which has attached in the county court, either by its original or appellate jurisdiction. The county court has no power, aside from that conferred, to issue such writs, and it would seem from a fair construction of the language used, that, in conferring that power upon the county courts and judges thereof, that the intention was to limit its exercise to the enforcement of the jurisdiction of the county courts. In matters of which the justices' courts have original jurisdiction, and the county court has appellate jurisdiction, if the county court or judge thereof could issue such writs before that appellate jurisdiction had attached by the modes prescribed, that would be giving the county court not only appellate jurisdiction but general supervisory control over the justice's court. Besides, it would be

to substitute their writs for the purpose of acquiring jurisdiction in lieu of the modes prescribed by law."

May 23, 1883.                    Reversed and dismissed.